IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHONY D. JACKSON,

    Defendant.

Case No. 12-cr-40005-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the competency hearing held on February 5, 2013, to determine defendant Anthony D. Jackson's competency to stand trial.

    Jackson's two-count indictment charges him with being a felon in possession of a firearm and selling a firearm to a convicted felon.  Counsel moved this Court to order an evaluation of Jackson for purposes of determining his competency to stand trial.  The Court found reasonable cause to believe an evaluation was appropriate and ordered a psychiatric or psychological examination of Jackson pursuant to 18 U.S.C. § 4247(b).

    Christine Scronce, Ph.D. and Intern Lauren Crisanti, M.A., conducted a forensic evaluation of Jackson at Metropolitan Correctional Center, and prepared a report.  In that report, they concluded that "[b]ecause of [] Jackson's malingering, it was not possible to fully assess his true understanding of the legal process and his current case."  They also concluded that it was their "professional opinion . . . that [] Jackson does not currently suffer from a mental disease or defect which renders him unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense."

At the February 5, 2013, competency hearing the forensic evaluation report was admitted into evidence, and the Court heard the testimony of Scronce and Crisanti.  They testified that their conclusions concerning Jackson's competency remained the same as stated in the report.  Jackson's counsel cross-examined the two witnesses and did not present any other evidence.

"A criminal defendant must be mentally competent to stand trial."  *Burt v. Uchtman*, 422 F.3d 557, 564 (7th Cir. 2005) (citing *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).  Title 18 U.S.C. § 4241 provides the applicable standard for a finding of competency, and directs that

> [i]f, after [a competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rending him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d).  A defendant is competent to stand trial if he "'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and . . . a rational as well as factual understanding of the proceedings against him.'"  *United States v. Ross*, 520 F.3d 702, 712 (7th Cir. 2007) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

After considering the evidence, including the report and the testimony of Scronce and Saranti, the Court finds that Jackson is competent to stand trial in that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

**IT IS SO ORDERED.**

**DATED:** February 6, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2